**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | |
|---|---|
| **AJW, BY AND THROUGH HER NEXT FRIEND, NATASHA HUDSON,** | |
| **Plaintiff,** | **Civil Case No.: 2:20-cv-294** |
| **v.** | **JURY** |
| **ELYSIAN FIELDS INDEPENDENT SCHOOL DISTRICT,** | |
| **Defendant.** | |

**ORIGINAL COMPLAINT**

COMES NOW A.J.W., a female child, by and through her next friend, Natasha Hudson, Plaintiff (or AJW), complaining of Elysian Fields Independent School District, Defendant (or EFISD), and respectfully shows the Court:

**PARTIES & JURISDICTION**

Plaintiff is a female child, resident of Panola County, Texas.

Defendant is a school district organized under the laws of the State of Texas.

Because Defendant receives federal financial assistance, Plaintiff invokes the jurisdiction of this Court pursuant to Title IX of the Higher Education Amendments of 1972 (Public Law No. 92-318, 86 Stat. 235), 20 U.S.C. § 1681 et seq., (Title IX). Plaintiff invokes the original jurisdiction of this court pursuant to 28 U.S.C. § 1331.

Venue in this Court is proper under 28 U.S.C. § 1391 as the events giving rise to this Complaint occurred within the Eastern District of Texas.

1

1. The Defendant in this case has consented to waive service of summons, accordingly, Plaintiff will transmit a copy of this Complaint along with a waiver of service of summons to Defendant after this action has been assigned a case number by the Court.

**FACTS**

At all times giving rise to this Complaint, AJW, a minor, was a student at Elysian Fields Elementary school, a school operated under the governance of Defendant.

AJW was enrolled in Pre-Kindergarten at Elysian Fields Elementary School during the 2019-2020 school year.

At all times giving rise to this Complaint TLC, a minor, was a student at Elysian Fields High School, a school operated under the governance of Defendant.

TLC was in 12th grade at Elysian Fields High School during the 2019-2020 school year.

At all times giving rise to this Complaint AJW was four years old, and TLC was seventeen years old.

AJW and TLC sat in assigned seats on EFISD school bus number 214 during the 2019-2020 school year.

AJW's assigned seat was in the front row, on the driver's side, directly behind the bus driver. TLC's assigned seat was in the front row, on the passenger's side, directly across the aisle from AJW's seat.

The EFISD's Transportation Disciplinary Policies and Procedures ("EFISD TDPP"), attached as Exhibit A, outlines the policies and procedures for establishing a bus seating chart, as well as the rules and regulations students are to follow while riding the bus and policies and procedures for disciplining students who fail to follow the EFISD TDPP rules.

The EFISD TDPP requires that "Students shall have assigned seating based on age groups." In addition, "[t]he appropriate campus principal or designee will be responsible for any disciplinary actions concerning infractions occurring in any district vehicles," and "[a]s

the campus principals deem necessary they may require additional actions to ensure student behavior is corrected."

The driver for bus 214, Desirea Smith, stated in an interview with police concerning the incident made the basis of this Complaint that TLC had a history of disobeying her instructions and not staying in his seat. Further, EFISD's scholastic records reveal TLC had a history of behavioral issues at school for which he faced disciplinary action before the incident made the basis of this Complaint.

During the 2018-2019 school year, TLC looked up inappropriate content on a school computer. School officials caught him, and they placed TLC in In-School Suspension.

In addition, prior to the incident made the basis of this Complaint, Defendant knew that TLC had previously been charged and convicted for unauthorized use of a vehicle, a crime committed in September 2018; he had been charged and convicted for criminal mischief,  a crime also committed in September 2018; and he had been charged with burglary of a habitation, a crime also committed in September of 2018, which resulted in a plea bargain placing him on deferred adjudication.

In addition, TLC had been diagnosed with a number of intellectual disabilities, including autism and ADHD.

EFISD implemented a defined Individual Educational Program (IEP) for TLC as a result of TLC's intellectual disabilities which required a number of special services to be provided. TLC's IEP required clearly defined, consistent limits, defined physical space, and frequent reminders of the rules, among other things.

On information and belief, as a result of his IEP, as well as his history of behavioral problems and, more specifically, problems following bus rules, EFISD assigned TLC a seat at the front of the bus in order to provide proper supervision to TLC.

On the afternoon of September 3, 2019, AJW and TLC were on bus 214, seated in their assigned seats, returning home from school.

1        While the bus was returning students to their homes, TLC left his seat multiple times.
2    Each time he crossed the aisle and sat down next to AJW, in her seat behind the driver.

3        When he did this, TLC exposed his penis to AJW, physically moved her hands to
4    touch his penis, and forced her head down toward his crotch so that her mouth touched his
5    penis.

6        TLC touched AJW sex organs, and, at least once, brought the fingers he used to touch
7    AJW's sex organs to his nose to smell. He also placed his face in her pelvic area on at least
8    one occasion.

9        When the bus arrived at her stop, AJW descended the bus in tears and made an
10    immediate outcry to her mother, Natasha Hudson, about the sexual assault that had
11    occurred. Ms. Hudson contacted the police.

12        On September 4, 2019, TLC was arrested on three (3) felony counts: Aggravated
13    sexual assault, indecency with a child—sexual contact, and indecency with a child—
14    exposure.

15    <center>**CAUSE OF ACTION**</center>

16    <center>**DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF**</center>

17    <center>**20 USC 1681 (TITLE IX)**</center>

18        Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

19        EFISD, at all times relevant to this Complaint, had actual knowledge of TLC's
20    propensity to engage in inappropriate sexual conduct, including the sexual harassment of
21    female students, such as AJW.

22        At the time of the incident made the basis of the Complaint, TLC was under EFISD's
23    control and supervision; EFISD exercised substantial control at the time of the harassment
24    over TLC, and over the context in which TLC's harassment of AJW occurred.

25        AJW suffered harassment and injury based on her sex.

26

27

<center>4</center>

1    The harassment AJW suffered was so severe, pervasive, and/or objectively offensive

2    that it effectively barred, and continues to function as a bar to, her access to an educational

3    opportunity or benefit.

4    In so far as EFISD failed to enact and/or disseminate and/or implement proper or

5    adequate procedures to discover, prohibit, or remedy the kind of harassment and injury

6    Plaintiff suffered, EFISD was deliberately indifferent to TLC's actions.

7    This failure included, without limitation, non-existent or inadequate customs,

8    policies or procedures for the recognition, reporting, investigation, and correction of

9    unlawful sex-based discrimination, and the failure to properly provide supervision for

10   impaired students such as perpetrator.

11   EFISD's failures amounted to deliberate indifference towards the unlawful sexual

12   conduct that had occurred, was occurring, or was likely to occur.

13   As a result, Plaintiff was subject to the loss of educational opportunity, and suffered

14   injury.

15   Prior to the sexual assault of Plaintiff by perpetrator, EFISD had actual knowledge

16   perpetrator had engaged in misconduct that was sexual in character.

17   EFISD demonstrated a policy and practice of failing to adequately supervise students

18   with a history of inappropriate behavior and sexual misconduct; failing to report sexual

19   misconduct to law enforcement; engaging in ad hoc internal disciplinary procedures that

20   resulted in a lack of discipline for students like perpetrator who had engaged in sexual

21   misconduct; tolerating sexual misconduct committed by students; creating an atmosphere

22   whereby the rules applicable to all students did not apply to perpetrator.

23   EFISD acted with deliberate indifference to the known vulnerability of AJW in light

24   of its knowledge of the danger posed by TLC, thereby acting clearly unreasonably in

25   response to this knowledge.

26

27

As a result of EFISD's deliberate indifference Plaintiff endured a sexual assault and suffered loss of educational opportunities and/or benefits. Plaintiff has incurred, and will continue to incur, attorney's fees and costs of litigation.

### RELIEF REQUESTED

WHEREFORE Plaintiff prays for all damages available to her under law, including entry of a monetary judgment sufficient to compensate her for the injuries cause by Defendant; punitive damages if applicable; costs; pre and post judgment interest as allowed by law; any applicable statutory civil penalties according to law; attorney's fees and costs of litigation, pursuant to 42 U.S.C. § 1988 or other applicable law; and such other and further relief as the court deems appropriate and just.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL HER CLAIMS

Dated: September 3, 2020

1
2

Respectfully submitted,

3
4
5
6
7
8

Jonathan Winocour
Texas State Bar No. 24037730
**WINOCOUR LAW**
1511 East Levee Street, Suite B
Dallas, Texas 75207
T: (214) 575 6060
F: (214) 575 6220
E: jwinocour@winocourlaw.com

9
10
11
12
13
14
15

Mike C. Miller
Texas State Bar No. 14101100
**LAW OFFICE OF MIKE C. MILLER, P.C.**
1511 East Levee Street, Suite B
Dallas, Texas 75207
T: (903) 938-4395
F: (903) 938-3360
E: mikem@millerfirm.com

16
17
18
19
20
21

R. Collin Underwood
Texas State Bar No. 24034056
**UNDERWOOD LAW OFFICE**
324 West Panola
Carthage, Texas 75633
T: (903) 693-2303
F: (903) 693-2356 Fax
E: collin@underwoodlawoffice.net

22
23

**ATTORNEYS FOR PLAINTIFF**

24
25
26
27

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 3, 2020 a true and correct copy of the foregoing, and any accompanying exhibits was served on Clay Grover, Esq. via electronic mail to cgrover@rmgllp.com pursuant to his prior agreement to accept service on behalf of the Defendant in this action.

Jonathan Winocour